IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DENNIS MARTIN,                          )
                                        )
              Plaintiff,                )        Civil Case No. 08-896-KI
                                        )
       vs.                              )        OPINION AND ORDER
                                        )
INTERSTATE DISTRIBUTOR CO.,             )
a Washington corporation,               )
                                        )
              Defendant.                )
_____         )

        Donald B. Potter
        621 SW Morrison Street, Suite 140
        Portland, Oregon  97204-2128

              Attorney for Plaintiff

        Scott Osborne
        Mark Crabtree
        Jackson Lewis, LLP
        806 SW Broadway, Suite 400
        Portland, Oregon  97205

              Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Dennis Martin brings claims for workers' compensation discrimination against defendant Interstate Distributor Co. ("Interstate"). Pending before the Court is Interstate's Motion for Summary Judgment (#6). For the following reasons, I deny the motion.

## BACKGROUND

Interstate is a Washington corporation, with headquarters in Tacoma, that provides truckload transportation services throughout the United States and Western Canada. Plaintiff, a resident of Ohio, applied for a position with Interstate in August 2004. Interstate offered plaintiff the job, contingent on passing a drug test and driving test. Plaintiff flew to Washington for orientation, took a drug test, and traveled to Wilsonville, Oregon for the driving test.

In Oregon, plaintiff took and passed the driving test and learned that he had passed the drug test. Interstate told plaintiff he was hired. Interstate dispatched plaintiff from the Wilsonville, Oregon yard on his first long-haul trucking assignment.

Interstate's fleet manager, who gave plaintiff his assignments, was located in Lebanon, Tennessee. In 2004, Interstate dispatched plaintiff a total of 57 times, only five of which were to Oregon. In 2005, of plaintiff's 58 assignments, only one involved a stop in Oregon. In 2006, seven of his 73 trips were from Oregon.

During this time, plaintiff's permanent residence remained in Ohio and he paid state income taxes to Ohio.

Plaintiff injured himself while unloading a trailer in Washington in May 2005. Plaintiff told Interstate about his injury the very same day. Plaintiff continued to work. A few days later, while plaintiff was driving outside of Ohio, Interstate filed a workers' compensation claim for

plaintiff with the Ohio Bureau of Workers' Compensation.  On the claim form that Interstate completed, Interstate indicated Oregon was the "State Where Hired."  Interstate claims it listed Oregon as the State where it hired plaintiff "for no other reason that it was [the compensation coordinator's] understanding that Martin's first job assignment and first road test for the Company originated in Wilsonville, Oregon."  Decl. of Anita Wiley, ¶ 4.

The Ohio Bureau of Workers' Compensation denied plaintiff's claim because there was insufficient contact and/or work by plaintiff within Ohio; the agency also noted that plaintiff was hired in Oregon.  Given the denial, Interstate and its insurer filed plaintiff's claim in Oregon.  Oregon accepted the claim.

On May 1, 2007, Interstate mailed a letter to plaintiff explaining that plaintiff's employment was terminated effective May 15, 2007.  The letter was sent to plaintiff's Ohio residence.  Plaintiff did not receive the letter.  He learned he was terminated when he called Interstate in mid-June 2007 about a subsequent letter he received about COBRA insurance.  Interstate asserts it made the decision to terminate plaintiff from its office in Washington.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56©).  The initial burden is on the moving party to point out the absence of any genuine issue of material fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the

evidence is viewed in the light most favorable to the nonmoving party.  Universal Health

Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

Interstate's sole argument is that the purpose of Oregon's employment discrimination

statutes are to protect "inhabitants of this state." ORS 659A.003; see also ORS 659A.006 (it is

against Oregon's public policy to permit "discrimination against any of its inhabitants").

Plaintiff was never an inhabitant of Oregon.  He was a resident of Ohio and he rarely drove to or

through Oregon.  He did not receive work assignments in Oregon, was never based in Oregon,

and was not fired in Oregon.  (Interstate also asserts that plaintiff was not hired in Oregon, but

that is a disputed issue of fact.)  Interstate argues a presumption applies that there is no extra-

territorial application of Oregon's laws.  State v. Meyer, 183 Or. App. 536, 53 P.3d 940 (2002);

Swift & Co. v. Peterson, 192 Or. 97, 114, 233 P.2d 216 (1951).  Plaintiff has no ties to Oregon

and no Oregon policy exists to warrant applying the State's laws to a non-resident.  As a result,

Interstate asserts plaintiff cannot seek the protection of the workers' compensation discrimination

laws.

Interstate argues plaintiff's workers' compensation claim does not establish standing to

sue here.  The only basis for the claim in Oregon "was [due to] the creative and compassionate

suggestion by Defendant's representative that Plaintiff was 'hired' in Oregon because Plaintiff's

first driving assignment originated in Wilsonville, Oregon."  Def.'s Mem. at 10.  The workers'

compensation laws could accommodate plaintiff's claim because the law provides for extra-

territorial application in limited circumstances.  See ORS 656.126 (Oregon employee injured in

another state is entitled to benefits and out-of-state employees may recover if worker temporarily in state and other criteria met).

The appropriate starting place is the language of the workers' compensation discrimination statutes and the methodology for statutory construction prescribed by <u>PGE v. Bureau of Labor and Industries</u>, 317 Or. 606, 610, 859 P.2d 1143 (1993). Accordingly, in construing the meaning of a statute, I must review the text first and give undefined terms their plain meaning and consider the context of the statutory provision at issue. Applying that methodology, the statute clearly protects plaintiff, as a person who has applied and received Oregon workers' compensation benefits, from discrimination based on that application or receipt of benefits.

The applicable statutes are as follows:

It is an unlawful employment practice for an employer to discriminate against a worker with respect to hire or tenure or any term or condition of employment because the **worker has applied for benefits or invoked or utilized the procedures provided for in ORS chapter 656** or has given testimony under the provisions of those laws.

ORS 659A.040(1) (emphasis added).

A worker who has sustained a **compensable injury** shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, if the position exists and is available and the worker is not disabled from performing the duties of such position.

ORS 659A.043(1) (emphasis added).

A worker who has sustained a **compensable injury** and is disabled from performing the duties of the worker's former regular employment shall, upon demand, be reemployed by the worker's employer at employment which is available and suitable.

ORS 659A.046(1) (emphasis added).

Page 5 - OPINION AND ORDER

Looking at the plain language of the statute, plaintiff may bring claims for workers' compensation discrimination. Such a worker is protected from discrimination for applying for such benefits. Interstate's interpretation of the statute would introduce words that do not appear there. E.g. discrimination is prohibited with respect to a "worker **who is an inhabitant of Oregon and who** has applied for benefits or invoked or utilized" the workers' compensation system. In addition, the purpose and policy statements at the beginning of the chapter on employment discrimination do not undermine the specific language of the statutes quoted above. After all, a "particular intent shall control a general one that is inconsistent with it." ORS 174.020; PGE, 317 Or. at 611. Plaintiff is not contending all of Oregon's anti-discrimination statutes apply to him, just the provision prohibiting workers' compensation discrimination.

Plaintiff falls within the class of individuals the legislature intended to protect–those who have a compensable injury under the workers' compensation laws or those who have applied for benefits or invoked the workers' compensation system. Plaintiff received workers' compensation benefits from this state and should be protected from discrimination based on his receipt or invocation of the workers' compensation system here.

## CONCLUSION

For the foregoing reasons, Interstate's Motion for Summary Judgment (#6) is denied.

Dated this _____18th_____ day of December, 2008.

_____/s/ Garr M. King_____
Garr M. King
United States District Judge

Page 6 - OPINION AND ORDER